# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONALD EUGENE COOKS,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV-23-1178-R |
| **OKLAHOMA CITY POLICE DEPARTMENT, et al.,** | ) |
| Defendants. | ) |

## ORDER

Plaintiff Donald Eugene Cooks, proceeding pro se and in forma pauperis, initiated this action alleging that his Fourth and Fourteenth Amended rights were violated when his motel room and truck were illegally searched. The Complaint names as defendants the Oklahoma City Police Department, Smart Buy Auto Sale, Motel 6, OCPD Officer Tyler Arney, and OCPD Lt. Lindsey.

Now pending before the Court is Defendant Motel 6 - Oklahoma City's Motion to Dismiss [Doc. No. 22] seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and Defendant Oklahoma City Police Department's Motion to Dismiss [Doc. No. 19] seeking

dismissal pursuant to Fed. R. Civ. P. 12 (b)(4), (5), and (6).[1] Additionally, pursuant to 28 U.S.C. § 1915(e)(2), a court is required to dismiss an in forma pauperis action "at any time" if the action fails to state a claim on which relief may be granted.

### A. Motion to Dismiss of the OCPD

The OCPD primarily argues that dismissal is warranted because it is not an entity capable of being sued. Indeed, the OCPD, as a subordinate department of the City of Oklahoma City, lacks the capacity to sue or be sued and is therefore not a proper defendant. *See Currie v. Oklahoma City Police Dep't*, No. CIV-08-194-HE, 2008 WL 1946787, at *4 (W.D. Okla. Apr. 30, 2008); *Benavides v. City of Oklahoma City*, No. CIV-11-126-C, 2011 WL 1457331, at *1 (W.D. Okla. Apr. 14, 2011). For that reason, dismissal of this defendant with prejudice is warranted.

To the extent Plaintiff intended to assert claims against the City of Oklahoma City, Defendant OCPD correctly notes that Plaintiff has failed to properly serve the City. Pursuant to Fed. R. Civ. P. 4(j)(2), a municipal entity must be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Oklahoma state law provides that "[a]ny notice or process affecting a municipality shall be served upon the municipal clerk, or in his or her absence then upon a deputy municipal clerk and upon the mayor." Okla. Stat. tit. 11, § 22-

---

[1] Plaintiff failed to respond in the time required by Local Court Rule 7.1(g) and the motions may therefore be deemed confessed. Nevertheless, the Court exercises its discretion to address the merits of the motions and finds that they are well taken.

103. Plaintiff issued a summons to the OCPD and appears to have served it upon one of the OCPD's officers, rather than the municipal clerk as required by statute.

Additionally, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir.1998) (citations omitted). Plaintiff's Complaint is devoid of any allegations showing that a policy or custom of the OCPD (or the City of Oklahoma City) caused an alleged constitutional violation. Accordingly, even if his allegations are against the City, he has failed to state a claim to relief under § 1983.

**B. Motion to Dismiss of Motel 6**

Motel 6 moves for dismissal under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's allegations are insufficient to state a § 1983 claim. To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint "does not need detailed factual allegations" to state a plausible claim, it does require "more than labels and conclusions." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). Additionally, as a pro se litigant, Plaintiff's "pleadings are to be construed

liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Liberally construed, the Complaint alleges that Motel 6 violated Plaintiff's Fourth Amendment rights when a Motel 6 desk clerk gave OCPD officers access to Plaintiff's motel room for the purpose of conducting a warrantless search that lacked probable cause. Motel 6 argues that Plaintiff's claim fails because there are no allegations plausibly suggesting that Motel 6 was acting under color of state law. To state a cause of action under § 1983 for an alleged constitutional deprivation, a plaintiff must show that a defendant acted under color of state law. *Pino v. Higgs*, 75 F.3d 1461, 1464 (10th Cir. 1996). Plaintiff's allegations are insufficient to show that Motel 6, a private entity, was acting under color of state law. Accordingly, Plaintiff has failed to state a plausible claim against this Defendant.

### C. Dismissal of Smart Buy Auto Sale

The Complaint alleges that the owner of Smart Buy Auto Sale violated Plaintiff's Fourth Amendment rights when he gave a United States Postal Inspector permission to search Plaintiff's truck, which was impounded but still legally the property of Plaintiff. Once again, these allegations are insufficient to show that Smart Buy Auto Sale (or its owner) were acting under color of state law such that they could be held liable for an alleged constitutional deprivation under § 1983. Accordingly, pursuant to the Court's screening function under 28 U.S.C. § 1915(e)(2)(B)(ii), the claims against Smart Buy Auto

Sale and/or its owner Randy Seymour are dismissed without prejudice for failure to state a claim.[2]

As set out above, Defendant Motel 6 - Oklahoma City's Motion to Dismiss [Doc. No. 22] is GRANTED and Motel 6 is dismissed without prejudice. Defendant Oklahoma City Police Department's Motion to Dismiss [Doc. No. 19] is GRANTED and the OCPD is dismissed with prejudice. The claims against Smart Buy Auto Sale and/or its owner Randy Seymour are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED this 11th day of July, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Smart Buy Auto Sale filed an Answer that was executed by Randy Seymour. Generally, a "business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *see also* LCvR17.1 ("Parties who are not natural persons may not appear pro se."). Although the claims against Smart Buy Auto Sale have been dismissed without prejudice, any future appearance by Smart Buy Auto Sale must be through counsel.