UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD EUGENE COOKS, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>OFFICER TYLER ARNEY, et al., )<br>)<br>Defendants. ) | No. CIV-23-1178-R |

### ORDER

Plaintiff Donald Eugene Cooks, proceeding pro se, initiated this action under 42 U.S.C. § 1983 alleging that Defendants Arney and Lindsey, officers with the Oklahoma City Police Department, violated his Fourth and Fourteenth Amendment rights when they searched his motel room without a warrant or probable cause. There are now two motions pending before the Court: Plaintiff's Motion for Summary Judgment [Doc. No. 47],[1] which is fully briefed [Doc. Nos. 51, 54], and Defendants' Motion to Stay [Doc. No. 49]. Plaintiff did not file a response to the Motion to Stay within the time set by LCvR7.1(g) and it therefore appears to be unopposed.

---

[1] The Complaint indicates that Defendants Arney and Lindsey are sued in both their official and individual capacity. Plaintiff's motion suggests that he is seeking summary judgment as to the official capacity claims only. *See Pl. Br.* at 1 ("…the named defendants did commit the constitutional violation to the Plaintiff's substantive rights and are directly responsible and liable in their official capacity for the damages now sought by this summary judgment…"). Regardless, for the reason discussed below, summary judgment in Plaintiff's favor is not warranted on either the official or individual capacity claims.

### A. Motion for Summary Judgment

Plaintiff moves for summary judgment on his claim that the search conducted by Defendants Arney and Lindsey violated his constitutional rights. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.... An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Id.* at 670–71 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Further, a plaintiff "cannot prevail at the summary judgment stage unless the evidence that he provides on all issues on which he bears the burden of proof is conclusive." *Ellibee v. Marlett*, No. 04-3059-JWL, 2005 WL 902114, at *2 (D. Kan. Apr. 19, 2005). The factual record is viewed in the light most favorable to the party opposing the motion for summary judgment. *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2018)

In addition to the substantive requirements for prevailing on a motion for summary judgment, a movant must comply with the procedural requirements set forth in both the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Oklahoma. Specifically, Fed. R. Civ. P. 56(c)(1)(A) requires litigants to support their

undisputed facts by "citing to particular parts of materials in the record." Similarly, this Court's Local Civil Rules require the following:

> The brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section stating the material facts to which the movant contends no genuine dispute exists. The facts shall be set forth in concise, numbered paragraphs.
>
> \*\*\*
>
> Each individual statement by the movant or nonmovant pursuant to subparagraph (b) or (c) of this rule shall be followed by citation, with particularity, to any evidentiary material that the party presents in support of its position pursuant to Fed. R. Civ. P. 56(c)

Local Civil Rule 56.1(b), (d).

Plaintiff's motion fails to comply with the procedural requirements contained in Rule 56 and the local rules. The motion does not set forth the undisputed material facts in separately numbered paragraphs nor does it cite to particular evidentiary materials in the record.[2] The Court has "no desire to make technical minefields of summary judgment proceedings, but neither can [it] countenance laxness in the proper and timely presentation of proof." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). Although pro se litigants are afforded some leniency, they must "follow the same rules of procedure that govern other litigants" and cannot rely on the Court to "construct[] arguments and search[] the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citations omitted). Plaintiff's motion fails to comply with basic

---

[2] Plaintiff's motion mentions a police report written by Officer Arney but does not include it as an exhibit or identify where in the record it is located. Defendants have, however, included a police report from Officer Arney.

procedural requirements and that failure alone is a sufficient basis for denial of his motion. *See Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, 287 F. App'x 631, 635 (10th Cir. 2008) ("Faced with pleadings that did not comply with either the local practice rule or summary judgment practice in general, the district court was correct to admit all facts asserted in Blue Cross's summary judgment motion that are not controverted by a readily identifiable portion of the record.") (quotation marks omitted); *Anderson v. Coca-Cola*, No. 221CV02530EFMKGG, 2022 WL 15427151, at *2 (D. Kan. Oct. 27, 2022) (denying summary judgment motion because pro se plaintiff failed to comply with local rules and Rule 56). Additionally, given Defendant's unopposed request for a stay of this action, the Court believes that addressing the merits of Plaintiff's claims would be premature at this time.

Plaintiff's Motion for Summary Judgment [Doc. No. 47] is therefore DENIED without prejudice to refiling. Plaintiff may file a dispositive motion that complies with all relevant procedural requirements at the appropriate time.

**B. Motion for Stay**

Defendants move for a stay of this action because the claims overlap with issues being litigated in a federal criminal case against Plaintiff. On March 28, 2024, in the Western District of Oklahoma, Plaintiff was convicted by a jury of conspiracy to commit mail fraud, possession of stolen mail, and witness tampering. *United States v. Cooks*, CR-23-94-D (W.D. Okla.). Prior to his conviction, Plaintiff filed two pro se motions seeking to suppress evidence from the search of the motel room based on the argument that Officers Arney and Lindsey conducted an unlawful search. *See* CR-23-94-D, Doc. Nos. 76 and 99.

These motions were stricken because Plaintiff was represented by defense counsel at the time. *Id.* at Doc. Nos. 82 and 101. Plaintiff also filed a pro se motion for acquittal arguing that his trial counsel was ineffective for failing to file a motion to suppress the evidence obtained during the allegedly illegal search of his motel room. *Id.* at Doc. No. 133. This motion was denied as untimely. *Id.* at Doc. No. 134. Plaintiff was subsequently granted permission to represent himself in the criminal proceedings, *id.* at Doc. No. 164, and several pro se motions are currently pending, including a motion for new trial.

The Supreme Court has advised that "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Here, the Court sees no reason to depart from this common practice and finds that a stay of this civil case is warranted. The civil action arises from the same set of events that underlies the criminal action and the claims asserted in this case overlap with issues raised in the criminal action. Further, Plaintiff has repeatedly attempted to litigate the lawfulness of the motel room search in the criminal action and additional rulings related to these issues appear likely in the criminal proceeding. Although there is always a strong interest in the prompt resolution of civil cases, awaiting the resolution of the pending criminal proceedings will likely avoid duplication of effort and promote judicial efficiency.

Accordingly, the Motion to Stay filed by Defendants Arney and Lindsey is GRANTED. This action is stayed and the parties are directed to file a report as to the status

of the criminal case no later than January 31, 2025. If the criminal proceedings conclude prior to that date, or any rulings are made that are relevant to the issues involved in this action, the parties are directed to promptly advise the Court.

    IT IS SO ORDERED this 3rd day of December, 2024.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE