**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DONALD EUGENE COOKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-1178-R** |
| | ) | |
| **OKLAHOMA CITY POLICE DEPARTMENT, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Amend Scheduling Order [Doc. No. 68] requesting that the deadline to complete discovery be adjusted from March 18, 2027 to September 1, 2026. Plaintiff asserts that the amended discovery date will allow him to properly complete his expert witness list and report, but does not explain how a shorter period of discovery would actually accomplish this goal. Defendants filed a response in opposition [Doc. No. 69] arguing that a discovery deadline of September 1, 2026 does not allow adequate time for discovery particularly given that no discovery has occurred and Defendant will need to obtain leave of court to conduct Plaintiff's deposition.

Also before the Court is Plaintiff's Motion for Leave to Amend Complaint [Doc. No. 70]. This motion requests permission to amend the Complaint and add defendants but does not contain any additional detail or argument. Because the deadline to amend the pleadings has expired, Plaintiff must satisfy Rule 16's standard for seeking modification

of the scheduling order deadline. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch,* 771 F.3d at 1240 (internal quotation marks and brackets omitted). Plaintiff has not shown good cause for modifying the discovery deadline or good cause for extending the deadline to amend the pleadings.

Accordingly, Plaintiff's Motion to Amend Scheduling Order [Doc. No. 68] is DENIED and Plaintiff's Motion for Leave to Amend Complaint [Doc. No. 70] is DENIED.[1]

IT IS SO ORDERED this 25th day of August, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

[1] Plaintiff's Motion for Leave to Amend is also denied for failure to comply with LCvR15.1, which requires a party moving to amend a pleading under Rule 15(a)(2) to attach the proposed pleading as an exhibit to the motion.